UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Protective Order** |
| v. | S3 21 Cr. 640 (PKC) |
| Rigoberto Ramos,<br>a/k/a "Rico," | |
| Saul Dorta-Hernandez, | |
| David Pagan-Lopez,<br>a/k/a "David Lopez-Pagan," | |
| Dwight Lawrence,<br>a/k/a "D," and | |
| Henry Pinckney, | |
| Defendants. | |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

**Confidential Material.** The Government will make disclosure to the defendants of documents, objects, and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in a criminal case. Certain of that discovery may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Confidential" by the Government in

emails or communications to defense counsel, or (2) that include a Bates or other label stating "Confidential," shall be deemed "Confidential Material."

**Highly Confidential Material.** Certain discovery materials in this case may raise a heightened risk to the privacy and confidentiality of individuals or to an ongoing investigation of uncharged individuals. Discovery materials produced by the Government to the defendants or their counsel that are either (1) designated in whole or in part as "Highly Confidential" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Highly Confidential," shall be deemed "Highly Confidential."

**Attorney's Eyes Only ("AEO") Material.** Certain discovery materials in this case may raise a particular risk of impeding the Government's ongoing investigation of uncharged individuals because it allows for identification of those uncharged individuals. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or in part as "AEO" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "AEO," shall be deemed "AEO Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Confidential Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (the "defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Confidential Material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Confidential Material to the media or any third party except as set forth below.

2. Confidential Material may be disclosed by counsel to the following persons ("Designated Persons"):

2

    a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

    b) Prospective witnesses for purposes of defending this action;

    c) The defendants; and

    d) Such other persons as hereafter may be authorized by the Court.

3. The restrictions on Highly Confidential Material are the same as Confidential Material, except that Highly Confidential Material may only be disclosed to the defendants for review at the offices of defense counsel, or in the presence of defense counsel or any member of the defense team (*e.g.*, attorneys, experts, consultants, paralegals, investigators, support personnel, and secretarial staff involved in the representation of the defendants in this case), for purposes related to this case. The defendants shall not maintain, retain, or keep copies of any records containing Highly Confidential Material outside of the offices or presence of defense counsel. Highly Confidential Material may otherwise be disclosed to Designated Persons consistent with the terms of Confidential Material.

4. The restrictions on AEO Material are the same as Highly Confidential Material, except that AEO Material shall not be disclosed to or possessed by the defendants, and may only be disclosed to defense counsel and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

5. The Government may authorize, in writing, disclosure of Confidential Material, Highly Confidential Material, or AEO Material beyond that otherwise permitted by this Order without further Order of this Court.

6. This Order does not prevent the disclosure of any Confidential Material, Highly Confidential Material, or AEO Material in any hearing or trial held in this action, or to any judge

or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

8. Except for such material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Confidential Material, Highly Confidential Material, and AEO Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. To the extent this paragraph conflicts with the New York Code of Professional Responsibility or attorneys' obligations to clients regarding file retention, however, the ethical rules govern.

9. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Confidential Material, Highly Confidential Material, or AEO Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what Confidential Material, Highly Confidential Material, or AEO Material has been disclosed to which such persons.

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ Alexander Li                                              Date: November 10, 2021
Alexander Li / Micah Fergenson
Assistant United States Attorneys

/s Michael P. Kushner                                        Date: November 24, 2021
Michael Kushner, Esq.
Counsel for Rigoberto Ramos

                                                                            Date: _____
Jacqueline Cistaro, Esq.
Counsel for Saul Dorta-Hernandez

                                                                            Date: _____
Eric Breslin, Esq.
Counsel for David Pagan-Lopez

                                                                            Date: _____
Jeffrey P. Chartier, Esq.
Counsel for Dwight Lawrence

                                                                            Date: _____
Antonia Apps, Esq.
Counsel for Henry Pinckney

SO ORDERED:

Dated: New York, New York

_____, 2021

                                                          _____
                                                          HONORABLE P. KEVIN CASTEL
                                                          UNITED STATES DISTRICT JUDGE

5

### Retention of Jurisdiction

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ Alexander Li                                          Date: November 10, 2021
Alexander Li / Micah Fergenson
Assistant United States Attorneys


_____                  Date: _____
Michael Kushner, Esq.
Counsel for Rigoberto Ramos


_____                  Date: _____
Jacqueline Cistaro, Esq.
Counsel for Saul Dorta-Hernandez

/s/ Eric Breslin                                                    Date: 11/17/21
Eric Breslin, Esq.
Counsel for David Pagan-Lopez


_____                  Date: _____
Jeffrey P. Chartier, Esq.
Counsel for Dwight Lawrence


_____                  Date: _____
Antonia Apps, Esq.
Counsel for Henry Pinckney

SO ORDERED:

Dated: New York, New York

_____, 2021

                                                    HONORABLE P. KEVIN CASTEL
                                                    UNITED STATES DISTRICT JUDGE

5

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: /s/ Alexander Li                              Date: November 10, 2021
    Alexander Li / Micah Fergenson
    Assistant United States Attorneys


                                                  Date: _____
Michael Kushner, Esq.
Counsel for Rigoberto Ramos

/s/ Jacqueline Cistaro                            Date: 12/7/2021
Jacqueline Cistaro, Esq.
Counsel for Saul Dorta-Hernandez


                                                  Date: _____
Eric Breslin, Esq.
Counsel for David Pagan-Lopez

/s/ Jeffrey P. Chartier                           Date: 12/7/2021
Jeffrey P. Chartier, Esq.
Counsel for Dwight Lawrence

/s/ Antonia Apps                                  Date: 12/7/2021
Antonia Apps, Esq.
Counsel for Henry Pinckney

SO ORDERED:

Dated: New York, New York
       12-8         , 2021

                                                  _____
                                                  HONORABLE P. KEVIN CASTEL
                                                  UNITED STATES DISTRICT JUDGE

5